### BLUM v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. February 6, 1903.)

1. STREET RAILROADS—PERSON ON TRACK—DRIVER OF WAGON—NEGLIGENCE—QUESTION FOR JURY.

Evidence in an action by the driver of a wagon for injuries occasioned by a collision with street cars passing each other considered, and *held* to require the submission of the question of the street car company's negligence to the jury.

2. SAME—CONTRIBUTORY NEGLIGENCE.

Evidence in an action by a wagon driver for injuries from a collision with a street car, occasioned by his turning onto the track to avoid approaching trucks, considered, and *held* not to warrant withdrawing the issue of contributory negligence from the jury, though there was no proof that plaintiff looked for cars.

3. SAME—RIGHT TO USE TRACK SPACE.

It is not negligence, as a matter of law, for a wagon driver to turn onto the street car track in front of an approaching car which is so far away that by proper care it can be stopped so as to avoid a collision.

Appeal from special term, New York county.

Action by Leopold Blum, an infant, by Fannie Blum, his guardian ad litem, against the Metropolitan Street Railway Company. From a judgment dismissing the complaint upon a trial before a jury, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Leopold W. Harburger, for appellant.
Arthur Ofner, for respondent.

INGRAHAM, J. The complaint was dismissed at the close of the plaintiff's testimony, and the only question presented is whether there was evidence to require the submission of the case to the jury. The plaintiff, a boy 15 years of age, was on the 31st of May, 1900, driving a covered wagon for the firm of Blum Bros., butchers, whose place of business was at Ninety-Seventh street and Columbus avenue. He testified that he started from his employer's place of business, went

down Ninety-Seventh street to Eighth avenue, and turned into Eighth avenue east of the railroad tracks going uptown; that, in consequence of some trucks coming down on the east side of Eighth avenue, he turned onto the north-bound track of the defendant's road; that he was driving upon that track about three or four minutes, when one of the defendant's uptown cars collided with the wagon he was driving, throwing the wagon over upon the west track, when it was run into by a south-bound car, and the plaintiff was thrown from the wagon and injured; that there was no warning of any kind from the north-bound car, and the first he knew of the presence of the car was when the collision occurred; that the wagon that the plaintiff was driving was, at the time of the collision, between 107th and 108th streets; and that he was at 107th street when he turned onto the north-bound track, and before he got to the middle of the block between 107th and 108th streets he was struck. The plaintiff was corroborated by several witnesses who saw the accident. One witness testified that he saw the wagon driven by the plaintiff getting out of the way of a lot of trucks going downtown by crossing onto the car tracks 20 or 25 feet north of 107th street; that the wagon had almost got onto the north-bound track, when the car coming up behind struck it, and threw the rear of the wagon over in front of the south-bound car; and that the car came right ahead without any sign or warning, and ran into the wagon. Another witness testified to substantially the same facts, and that the north-bound car was going faster than cars usually run, being upon a downgrade; that he heard no warning of any kind from the car; and that the distance between the car and the wagon, when his attention was first called to the car, was 50 or 60 feet. This was clearly a case for the jury. The fact that trucks and wagons were proceeding downtown to the east of the railroad tracks compelled the plaintiff to turn onto the car tracks to avoid them; and if, when he turned onto the track, the north-bound car was 50 or 60 feet away, unless there was some condition that interfered with the motorman's stopping or slowing up the car so as to avoid a collision, the jury would have been justified in finding that the motorman was negligent.

The question as to the contributory negligence of the plaintiff was also a question for the jury. There is no evidence that he looked for the car, but he was compelled to turn upon the tracks to avoid the approaching trucks on the east of the track; and it was not negligence for him to turn onto the track if the car was such a distance from him that by the exercise of proper care by the motorman the car would have been stopped before the collision occurred. Certainly, if his story was true that he was driving upon this track for three or four minutes before the collision, there could have been no difficulty in stopping the car in time to avoid the accident. But assuming that the witness exaggerated, as he probably did, as to the time he was upon the track, there was nothing to justify the court in holding that the plaintiff was negligent as a matter of law. It was for the jury to say whether the collision occurred because plaintiff did not look for the car before turning onto the track. While a person driving a truck upon the streets of New York is not justified in driving in front of the cars unnecessarily, and thus blocking the road, wagons using the

streets are not excluded from the use of the tracks; and when cars run upon these street railroads, as frequently as they do, it is not negligent, as a matter of law, for a person to drive upon the tracks when a car is in sight.   Upon the plaintiff's testimony, I think the questions of negligence were for the jury.

It follows that the judgment appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.